UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   0:20-cv-61113

CODY BARNETT, WILLIAM BENNET,
CHRISTOPHER BROWN, JESSE
CALLINS, GREGORY DUNNING,
BERNARD FRANKLIN, RICARDO
GONZALES GUERRA, HEATHER LEWIS,
ROBERT MORRILL, SAMUEL PAULK,
HELEN PICIACCHI, DARIUS WALKER
GREAVES and TODD WATSON, *on their
own and on behalf of a class of similarly
situated persons,*

              Plaintiffs/Petitioners,

DISABILITY RIGHTS FLORIDA, INC.,

              Plaintiff,

v.

GREGORY TONY, *in his official capacity as
Sheriff of Broward County,*

              Defendant/Respondent.

_____ /

## DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

COMES NOW the Defendant, GREGORY TONY, in his official

capacity as Sheriff of Broward County (BSO), by and through its

undersigned attorneys, and pursuant to Fed. R. Evid. 201(c)(2)

respectfully requests that this Court take judicial notice of specific

adjudicative facts, and states:

1

## Background

BSO runs the Broward County Jail (Jail). [DE 1 at p. 22, ¶ 43]. This matter began as an Eighth/Fourteenth Amendment and federal civil rights law claim that BSO was deliberately indifferent to the constitutional rights of Jail detainees/inmates in addressing the then-emerging COVID-19 pandemic. [DE 1, *passim*].[1]

BSO well-knew Plaintiffs' claims of deliberate indifference were hyperbole. Yet BSO recognized that the never-before-seen gravity of the COVID pandemic and the significant public interest considerations surrounding it warranted cooperation rather than confrontation with the institutional Plaintiffs. So rather than unnecessarily litigate the doubtful constitutional issues, BSO responsibly opted to discuss resolution. [DE 20 at pp. 1-2, ¶¶ 4, 5; DE 23 at p. 2, ¶¶ 7,8; DE 25 at p. 2, unnumbered paragraph; et al.] which culminated in a November 24, 2020, settlement agreement. [DE 49-1; DE 103-1]. On May 13, 2021, this Court, *inter alia*, rendered its final approval of the settlement agreement. [DE 112].

---

[1] Actually, Plaintiffs' declared ambition, prioritized as "first and foremost," was the *en masse* release of the Jail population via writs of habeas corpus. [DE 1 at p. 1, title; p. 7, ¶ 10]. That never happened.

2

**Necessity for judicial notice**

Paragraph 25 of the settlement agreement provides, in pertinent part:

> **25. This Agreement shall expire in its entirety upon the earliest of:**
>
> **A. Twelve (12) months from the date of final approval of the Agreement if the COVID-19 emergency orders ("Emergency Orders") for both the State of Florida and Broward County have been lifted as of that date[.]**

[DE 49-1 at p. 6; DED 103-1 at p. 6] (emphasis added). Judicial notice of adjudicative facts related to the 2021 "lifting" of the Emergency Orders is necessary to confirm the May 13, 2022, self-executing twelve (12) month expiration of the settlement agreement.

**Applicable law**

Pertinent excerpts of Federal Rule of Evidence 201 provide:

> (b)   *Kinds of Facts That May Be Judicially Noticed.* The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> > (1)   is generally known within the trial court's territorial jurisdiction; or
> >
> > (2)   can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

(c)   *Taking Notice.* The court:

   (2)   must take judicial notice if a party requests it and the court is supplied with the necessary information.

(d)   *Timing.* The court may take judicial notice at any stage of the proceeding.

## Facts proper for judicial notice *sub judice*

### 1.   Florida's COVID-19 state of emergency ended on Saturday, June 26, 2021.

On March 9, 2020, Florida Governor DeSantis issued Executive Order (E.O.) 20-52, declaring a sixty (60) day state of emergency statewide due to COVID-19. [2] Subsequent gubernatorial E.O.s extended the E.O. 20-52 state of emergency several times, each for 60 days. [3] The Governor last issued an extension on April 27, 2021, via E.O. 21-94. [4] By law, E.O. 21-94 expired 60 days later, on Saturday, June 26, 2021. Exhibit B; Fla. Stat. § 252.36(b).

---

[2] E.O. 20-52 is attached to this request and made a part as Exhibit A.

[3] In accordance with Florida's State Emergency Management Act, Chapter 252, Florida Statutes, generally, and Fla. Stat. § 252.36(1)(b) and (2), specifically.

[4] E.O. 21-94 is attached as Exhibit B.

The recited fact is generally known within this Court's territorial jurisdiction and can be accurately and readily determined from the cited, attached sources. Upon this request, the fact is proper for judicial notice. Fed. R. Evid. 201(c)(2).

### 2.  Broward County's local state of emergency ended on Thursday, July 1, 2021.

On May 3, 2021, Florida Governor DeSantis issued E.O. 21-101, *"Invalidating All Remaining Local Emergency Orders Based on the COVID-19 Emergency,"* and E.O. 21-102, *"Suspending All Remaining Local Government Mandates and Restrictions Based on the COVID-19 State of Emergency."* [5] E.O. 21-102 was immediately effective; E.O. 21-101 became effective on July 1, 2021. <u>Exhibit D</u>; <u>Exhibit C</u>; Fla. Stat. § 252.[6]

The recited fact is generally known within this Court's territorial jurisdiction and can be accurately and readily determined from the cited, attached sources. Upon this request, the fact is proper

---

[5]  E.O. 21-101 is attached as <u>Exhibit C</u>; E.O. 21-102 is attached as <u>Exhibit D</u>.

[6]  *"The Governor may, at any time, invalidate an emergency order issued by a political subdivision if the Governor determines that such order unnecessarily restricts individual rights or liberties."* Fla. Stat. §252.38(4)(d).

for judicial notice. Fed. R. Evid. 201(c)(2).

WHEREFORE, Defendant, BSO, respectfully requests that this Court enter an order judicially noticing the two adjudicative facts recited in this request.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of April 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON,     ANSELMO,     MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
***Attorneys for Defendant, Gregory Tony***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444

*/s/ Michael R. Piper*
Michael R. Piper
Florida Bar No.: 710105

## SERVICE LIST

**Benjamin James Stevenson, Esq.**
ACLU Foundation of Florida
**Attorneys for Plaintiffs/Petitioners**
3 W. Garden Street, Suite 712
Pensacola, FL 32502
Bar No.: 598909
Tel: (786) 363-2738
bstevenson@aclufl.org

**Anjana Samant, Esq.**
**Steven Watt, Esq.**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
120 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
asamant@aclu.org
swatt@aclu.org

**Brian Stull, Esq.**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
201 W. Main Street, Suite 402
Durham, NC 27701
Tel: (919) 682-9469
bstull@aclu.org

**Eric Balaban, Esq.**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, N.W.
Washington, D.C. 20005
Tel: (202) 393-4930
ebalaban@aclu.org

**Suhana S. Han, Esq.**
**Akash M. Toprani, Esq.**
SULLIVAN & COMPWELL, LLP
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
hans@sullcrom.com

toprania@sullcrom.com

**Jacqueline Nicole Azis, Esq.**
ACLU Foundation of Florida
4023 N. Armenia Ave, Suite 450
Tampa, FL 33607
Bar No.: 101057
Tel: (786) 363-2708
jazis@aclufl.org

**Daniel Tilley, Esq.**
ACLU Foundation of Florida
4343 W. Flagler Street, Suite 400
Miami, FL 33134
Bar No.: 102882
Tel: (786) 363-2714
dtilley@aclufl.org

**Curtis Filaroski, Esq.**
Florida Bar No.: 111972
**Kathryn Strobach, Esq.**
Florida Bar No.: 670121
DISABILITY RIGHTS FLORIDA, INC.
1000 N. Ashley Drive, Suite 640
Tampa, FL 32308
Tel: (850) 488-9071
curtisf@disabilityrightsflorida.org
kathryns@disabilityrightsflorida.org

**Michael R. Piper, Esq.**
**Christopher J. Stearns, Esq.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Gregory Tony, as Sheriff of Broward County**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444
piper@jambg.com / stearns@jambg.com

8

# STATE OF FLORIDA

## OFFICE OF THE GOVERNOR
## EXECUTIVE ORDER NUMBER 20-52
(Emergency Management - COVID-19 Public Health Emergency)

**WHEREAS**, Novel Coronavirus Disease 2019 (COVID-19) is a severe acute respiratory illness that can spread among humans through respiratory transmission and presents with symptoms similar to those of influenza; and

**WHEREAS**, in late 2019, a new and significant outbreak of COVID-19 emerged in China; and

**WHEREAS**, the World Health Organization previously declared COVID-19 a Public Health Emergency of International Concern; and

**WHEREAS**, in response to the recent COVID-19 outbreak in China, Iran, Italy, Japan and South Korea, the Centers for Disease Control and Prevention ("CDC") has deemed it necessary to prohibit or restrict non-essential travel to or from those countries; and

**WHEREAS**, on March 1, 2020, I issued Executive Order number 20-51 directing the Florida Department of Health to issue a Public Health Emergency; and

**WHEREAS**, on March 1, 2020, the State Surgeon General and State Health Officer declared a Public Health Emergency exists in the State of Florida as a result of COVID-19; and

**WHEREAS**, on March 7, 2020, I directed the Director of the Division of Emergency Management to activate the State Emergency Operations Center to Level 2 to provide coordination and response to the COVID-19 emergency; and

**WHEREAS**, as of March 9, 2020, eight counties in Florida have positive cases for COVID-19, and COVID-19 poses a risk to the entire state of Florida; and



EXHIBIT

A

**WHEREAS**, the CDC currently recommends community preparedness and everyday prevention measures be taken by all individuals and families in the United States, including voluntary home isolation when individuals are sick with respiratory symptoms, covering coughs and sneezes with a tissue and disposal of the tissue immediately thereafter, washing hands often with soap and water for at least 20 seconds, using of alcohol-based hand sanitizers with 60%-95% alcohol if soap and water are not readily available and routinely cleaning frequently touched surfaces and objects to increase community resilience and readiness for responding to an outbreak; and

**WHEREAS**, the CDC currently recommends mitigation measures for communities experiencing an outbreak including staying at home when sick, keeping away from others who are sick, limiting face-to-face contact with others as much as possible, consulting with your healthcare provider if individuals or members of a household are at high risk for COVID-19 complications, wearing a facemask if advised to do so by a healthcare provider or by a public health official, staying home when a household member is sick with respiratory disease symptoms if instructed to do so by public health officials or a health care provider; and

**WHEREAS**, as Governor, I am responsible for meeting the dangers presented to this state and its people by this emergency.

**NOW, THEREFORE, I, RON DESANTIS**, as Governor of Florida, by virtue of the authority vested in me by Article IV, Section (1)(a) of the Florida Constitution, Chapter 252, Florida Statutes, and all other applicable laws, promulgate the following Executive Order to take immediate effect:

Section 1.  Because of the foregoing conditions, I declare a state of emergency exists in the State of Florida.

<u>Section 2.</u>  I designate the Director of the Division of Emergency Management ("Director")

as the State Coordinating Officer for the duration of this emergency and direct him to execute the

State's Comprehensive Emergency Management Plan and other response, recovery, and mitigation

plans necessary to cope with the emergency.   Additionally, I designate the State Health Officer

and Surgeon General as a Deputy State Coordinating Officer and State Incident Commander.

Pursuant to section 252.36(1)(a), Florida Statutes, I delegate to the State Coordinating

Officer the authority to exercise those powers delineated in sections 252.36(5)-(10), Florida

Statutes, which he shall exercise as needed to meet this emergency, subject to the limitations of

section 252.33, Florida Statutes.   In exercising the powers delegated by this Order, the State

Coordinating Officer shall confer with the Governor to the fullest extent practicable.   The State

Coordinating Officer shall also have the authority to:

A.  Seek direct assistance and enter into agreements with any and all agencies of the

United States Government as may be needed to meet the emergency.

B.  Designate additional Deputy State Coordinating Officers, as necessary.

C.  Suspend the effect of any statute, rule, or order that would in any way prevent,

hinder, or delay any mitigation, response, or recovery action necessary to cope with this

emergency.

D.  Enter orders as may be needed to implement any of the foregoing powers; however,

the requirements of sections 252.46 and 120.54(4), Florida Statutes, do not apply to any such

orders issued by the State Coordinating Officer; however, no such order shall remain in effect

beyond the expiration of this Executive Order, to include any extension.

<u>Section 3.</u>  I order the Adjutant General to activate the Florida National Guard, as needed,

to deal with this emergency.

Section 4.  I find that the special duties and responsibilities resting upon some State, regional, and local agencies and other governmental bodies in responding to the emergency may require them to suspend the application of the statutes, rules, ordinances, and orders they administer.  Therefore, I issue the following authorizations:

A.  Pursuant to section 252.36(1)(a), Florida Statutes, the Executive Office of the Governor may suspend all statutes and rules affecting budgeting to the extent necessary to provide budget authority for state agencies to cope with this emergency.  The requirements of sections 252.46 and 120.54(4), Florida Statutes, do not apply to any such suspension issued by the Executive Office of the Governor; however, no such suspension shall remain in effect beyond the expiration of this Executive Order, to include any extension.

B.  Each State agency may suspend the provisions of any regulatory statute prescribing the procedures for conduct of state business or the orders or rules of that agency, if strict compliance with the provisions of any such statute, order, or rule would in any way prevent, hinder, or delay necessary action in coping with the emergency.  This includes, but is not limited to, the authority to suspend any and all statutes, rules, ordinances, or orders which affect leasing, printing, purchasing, travel, and the condition of employment and the compensation of employees.  For the purposes of this Executive Order, "necessary action in coping with the emergency" means any emergency mitigation, response, or recovery action: (1) prescribed in the State Comprehensive Emergency Management Plan ("CEMP"); or (2) ordered by the State Coordinating Officer.  The requirements of sections 252.46 and 120.54, Florida Statutes, shall not apply to any such suspension issued by a State agency; however, no such suspension shall remain in effect beyond the expiration of this Executive Order, to include any extensions.

C.  In accordance with section 465.0275, Florida Statutes, pharmacists may dispense up to a 30-day emergency prescription refill of maintenance medication to persons who reside in an area or county covered under this Executive Order and to emergency personnel who have been activated by their state and local agency but who do not reside in an area or county covered by this Executive Order.

D.  In accordance with section 252.38, Florida Statutes, each political subdivision within the State of Florida may waive the procedures and formalities otherwise required of the political subdivision by law pertaining to:

> 1)  Performance of public work and taking whatever prudent action is necessary to ensure the health, safety, and welfare of the community;

> 2)  Entering into contracts; however, political subdivisions are cautioned against entering into time and materials contracts without ceiling as defined by 2 CFR 200.318(j) or cost plus percentage contracts as defined by 2 CFR 200.323(d);

> 3)  Incurring obligations;

> 4)  Employment of permanent and temporary workers;

> 5)  Utilization of volunteer workers;

> 6)  Rental of equipment;

> 7)  Acquisition and distribution, with or without compensation, of supplies, materials, and facilities; and,

> 8)  Appropriation and expenditure of public funds.

E.  All State agencies responsible for the use of State buildings and facilities may close such buildings and facilities in those portions of the State affected by this emergency, to the extent necessary to meet this emergency. I direct each State agency to report the closure of any State

building or facility to the Secretary of the Department of Management Services. Under the authority contained in section 252.36, Florida Statutes, I direct each County to report the closure of any building or facility operated or maintained by the County or any political subdivision therein to the Secretary of the Department of Management Services. Furthermore, I direct the Secretary of the Department of Management Services to:

> 1) Maintain an accurate and up-to-date list of all such closures; and,

> 2) Provide that list daily to the State Coordinating Officer.

Section 5.  I find that the demands placed upon the funds appropriated to the agencies of the State of Florida and to local agencies are unreasonably great and the funds currently available may be inadequate to pay the costs of coping with this emergency. In accordance with section 252.37(2), Florida Statutes, I direct that sufficient funds be made available, as needed, by transferring and expending moneys appropriated for other purposes, moneys from unappropriated surplus funds, or from the Budget Stabilization Fund.

Section 6.  All State agencies entering emergency final orders or other final actions in response to this emergency shall advise the State Coordinating Officer contemporaneously or as soon as practicable.

Section 7.  Medical professionals and workers, social workers, and counselors with good and valid professional licenses issued by states other than the State of Florida may render such services in Florida during this emergency for persons affected by this emergency with the condition that such services be rendered to such persons free of charge, and with the further condition that such services be rendered under the auspices of the American Red Cross or the Florida Department of Health.

Section 8.   All activities taken by the Director of the Division of Emergency Management and the State Health Officer and Surgeon General with respect to this emergency before the issuance of this Executive Order are ratified.  This Executive Order shall expire sixty days from this date unless extended.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed, at Tallahassee, this 9th day of March, 2020.

RON DESANTIS, GOVERNOR

ATTEST:

SECRETARY OF STATE

2020 MAR -9  PM 5:52
TALLAHASSEE, FLORIDA
FILED

# STATE OF FLORIDA

## OFFICE OF THE GOVERNOR
## EXECUTIVE ORDER NUMBER 21-94
### (Emergency Management - Extension of Executive Order 20-52-COVID-19)

**WHEREAS,** on March 9, 2020, I issued Executive Order 20-52, subsequently extended, declaring a state of emergency for the entire state due to COVID-19; and

**WHEREAS,** no state of emergency declared pursuant to the Florida Emergency Management Act may continue for more than 60 days unless renewed by the Governor; and

**WHEREAS,** the impact of COVID-19 poses a continuing threat to the health, safety and welfare of the State of Florida and its residents; and

**WHEREAS,** an extension of Executive Order 20-52, as extended, is necessary to ensure Florida schools remain open for the remainder of the school year and to protect Floridians from being required to produce a so-called vaccine passport as a condition of participating in everyday life; and

**WHEREAS,** the state continues to implement budgetary response efforts to help Floridians to the greatest extent possible; and

**WHEREAS,** as Florida recovers and re-launches its economy, I am committed to providing all available resources to assist Floridians and local communities with their efforts.

**NOW, THEREFORE, I, RON DESANTIS,** as Governor of Florida, by virtue of the authority vested in me by Article IV, Section 1(a) of the Florida Constitution and by the Florida Emergency Management Act, as amended, and all other applicable laws, promulgate the following Executive Order, to take immediate effect:

Section 1. The state of emergency declared in Executive Order 20-52, as extended by



EXHIBIT
B

Executive Orders 20-114, 20-166, 20-192, 20-213, 20-276, 20-316, and 21-45 will be extended for 60 days following the issuance of this order for the entire State of Florida.

Section 2. All actions taken by the Director of the Division of Emergency Management as the State Coordinating Officer with respect to this emergency before the issuance of this Executive Order are ratified, and he is directed to continue to execute the State's Comprehensive Emergency Management Plan and other response, recovery, and mitigation plans necessary to cope with the emergency.

Section 3. As Florida continues to realize a manageable trend in COVID-19 cases, over 8.5 million vaccinated individuals, a 4.7 % unemployment rate well under the national average, and state revenues improving significantly from worst-case projections during the pandemic, gaining $4.1 billion additional projected revenue over three fiscal years from the August 2020 estimate, the state should prepare to resume non-emergency operations.

Section 4.  Except as amended herein, Executive Order 20-52, extended by Executive Orders 20-114, 20-166, 20-192, 20-213, 20-276, 20-316, and 21-45 is ratified and reaffirmed.



IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed, at Tallahassee, this 27th day of April, 2021.

RON DESANTIS, GOVERNOR

ATTEST:

SECRETARY OF STATE

DEPARTMENT OF STATE
TALLAHASSEE, FL
2021 APR 27  AM 11: 29

# STATE OF FLORIDA

## OFFICE OF THE GOVERNOR
## EXECUTIVE ORDER NUMBER 21-101

(Invalidating All Remaining Local Emergency Orders Based on the COVID-19 Emergency)

**WHEREAS**, on March 9, 2020, I issued Executive Order 20-52, subsequently extended, declaring a state of emergency for the entire State of Florida as a result of COVID-19; and

**WHEREAS**, the State of Florida led the national effort to distribute COVID-19 vaccines to seniors first and has now provided vaccines to nearly 9 million people; and

**WHEREAS**, every Floridian who desired a vaccine is eligible to obtain one, and Florida now maintains a sufficient supply of COVID-19 vaccines for every eligible Floridian who desires a vaccine to be vaccinated; and

**WHEREAS**, scientific studies show that vaccines protect individuals from COVID-19 and reduce hospitalizations and deaths caused by COVID-19; and

**WHEREAS**, on April 29, 2021, Surgeon General Dr. Scott Rivkees issued a Public Health Advisory (1) stating that continuing COVID-19 restrictions on individuals, including long-term use of face coverings and withdrawal from social and recreational gatherings, pose a risk of adverse and unintended consequences, (2) further expanding vaccine eligibility, and (3) advising government offices to resume in-person operations and services; and

**WHEREAS**, due to the tremendous steps the State has taken to protect Florida's most vulnerable populations and rapidly offer vaccines to every eligible Floridian who desires one, local communities lack justification in continuing to impose COVID-related emergency orders restricting the rights and liberties of their citizens; and



EXHIBIT
C

**WHEREAS**, on May 3, 2021, I signed into law SB 2006 – Emergency Management – which provides, effective July 1, 2021, that any emergency order issued by a political subdivision must be narrowly tailored to serve a compelling public health or safety purpose, must be limited in duration, applicability, and scope in order to reduce any infringement on individual rights or liberties to the greatest extent possible, and may be invalidated by the Governor, at any time, if the Governor determines that such order unnecessarily restricts individual rights or liberties; and

**WHEREAS**, it is my determination that the remaining emergency orders issued by the political subdivisions of this State due to the COVID-19 emergency are not narrowly tailored to serve a public health or safety purpose and unnecessarily restrict individual rights and liberties, including the economic and commercial rights and liberties of business owners in this State; and

**NOW, THEREFORE, I, RON DESANTIS**, as Governor of Florida, by virtue of the authority vested in me by Article IV, Section 1(a) of the Florida Constitution and by the Florida Emergency Management Act, as amended, and all other applicable laws, promulgate the following Executive Order:

Section 1. In order to protect the rights and liberties of individuals in this State and to accelerate the State's recovery from the COVID-19 emergency, any emergency order issued by a political subdivision due to the COVID-19 emergency which restricts the rights or liberties of individuals or their businesses is invalidated.

Section 2. Nothing herein prohibits a political subdivision of the State from enacting ordinances pursuant to regular enactment procedures to protect the health, safety, and welfare of its local population. Only the COVID-19 emergency orders, as defined in SB 2006, enacted prior to July 1, 2021, are hereby invalidated.

Section 3.  This order is effective beginning on July 1, 2021 and shall be immediately filed with the Division of Administrative Hearings.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed, at Tallahassee, 3rd day of May, 2021

RON DESANTIS, GOVERNOR

ATTEST:

SECRETARY OF STATE

2021 MAY -3 PM 4: 06
DEPARTMENT OF STATE
TALLAHASSEE, FL

FILED

# STATE OF FLORIDA
## OFFICE OF THE GOVERNOR
## EXECUTIVE ORDER NUMBER 21-102
(Suspending All Remaining Local Government Mandates and Restrictions Based on the
COVID-19 State of Emergency)

**WHEREAS**, on March 9, 2020, I issued Executive Order 20-52, declaring a state of emergency for the entire State of Florida as a result of COVID-19; and

**WHEREAS**, on September 25, 2020, I issued Executive Order 20-244, suspending the collection of local fines and penalties associated with COVID-19 regulations upon individuals, and on March 10, 2021, I issued Executive Order 21-65, categorically remitting all fines upon individuals and businesses alike related to local government COVID-19 restrictions; and

**WHEREAS,** on March 29, 2021, the Legislature presented, and I signed into law, SB 72 – Civil Liability for Damages Relating to COVID-19, enacted as Chapter 2021-1, Laws of Florida, which provides crucial liability protection to individuals, businesses, educational institutions, religious organizations, and health care providers for liability claims related to COVID-19; and

**WHEREAS,** on April 27, 2021, I extended the state of emergency initiated by Executive Order 20-52 as necessary to ensure Florida schools remain open for the remainder of the school year, to protect Floridians from being required to produce a so-called vaccine passport as a condition of participating in everyday life, and to implement budgetary response efforts to help Floridians to the greatest extent possible; and

**WHEREAS,** on April 29, 2021, Surgeon General Dr. Scott Rivkees issued a Public Health Advisory (1) stating that continuing COVID-19 restrictions on individuals, including long-term use of face coverings and withdrawal from social and recreational gatherings, pose a risk of



EXHIBIT

D

adverse and unintended consequences, (2) further expanding vaccine eligibility, and (3) advising government offices to resume in-person operations and services; and

**WHEREAS**, the State of Florida led the national effort to distribute the vaccine to elderly and vulnerable populations and has provided vaccines to nearly 9 million people; and

**WHEREAS**, every eligible Floridian is now legally permitted to obtain a vaccine, and Florida maintains a sufficient supply for every eligible Floridian who desires a vaccine to be vaccinated; and

**WHEREAS**, scientific studies show that vaccines protect individuals from COVID-19 and reduce hospitalizations and deaths caused by COVID-19; and

**WHEREAS**, the State and the majority of local governments have declined to issue mask mandates; and

**WHEREAS**, a select number of local governments continue to impose mandates and business restrictions, without proper consideration of improving conditions and with no end in sight; and

**WHEREAS**, due to the tremendous steps the State has taken to protect Florida's most vulnerable populations and rapidly offer vaccines to every eligible Floridian who desires one, local communities lack justification in continuing to impose COVID-19 mandates or restrictions upon their citizens; and

**WHEREAS**, with my encouragement, the Florida Legislature passed and I signed SB 2006, a measure designed to curb restrictions and closures of businesses during an extended emergency, to add significant accountability and difficulty for the continuation of any local limitation on the rights or liberties of individuals or businesses, and to declare in no uncertain terms that the policy of the State of Florida will favor a presumption of commercial operation and individual liberty with no toleration for unending and unjustified impediments to that liberty; and

**WHEREAS**, in light of these recently enacted reforms, the widespread vaccination of Florida residents, and the sufficient supply of vaccines for all eligible Florida residents, I find that it is necessary for the State of Florida to enhance its rapid and orderly restoration and recovery from the COVID-19 emergency by preempting and suspending all remaining local emergency restrictions on individuals and businesses and to return day-to-day life back to normal everywhere in the State.

**NOW, THEREFORE, I, RON DESANTIS**, as Governor of Florida, by virtue of the authority vested in me by Article IV, Section 1(a) of the Florida Constitution and by the Florida Emergency Management Act, as amended, and all other applicable laws, promulgate the following Executive Order:

Section 1. In order to mitigate the adverse and unintended consequences of the COVID-19 emergency and to accelerate the State's recovery, all local COVID-19 restrictions and mandates on individuals and businesses are hereby suspended.

Section 2. This order eliminates and supersedes any existing emergency order or ordinance issued by a county or municipality that imposes restrictions or mandates upon businesses or individuals due to the COVID-19 emergency.

Section 3. For the remaining duration of the state of emergency initiated by Executive Order 20-52, no county or municipality may renew or enact an emergency order or ordinance, using a local state of emergency or using emergency enactment procedures under Chapters 125, 252, or 166, Florida Statutes, that imposes restrictions or mandates upon businesses or individuals due to the COVID-19 emergency.

Section 4. Nothing herein prohibits a political subdivision of the State from enacting ordinances pursuant to regular enactment procedures to protect the health, safety, and welfare of its population. Only orders and ordinances within the scope of Section 1 based on a local state of

emergency or on emergency enactment procedures due to the COVID-19 emergency are hereby eliminated and preempted.

Section 5.  This order supersedes Sections 2 and 3 of Executive Order 20-244.

Section 6.  This order is effective immediately.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed, at Tallahassee, 3rd day of May, 2021.

RON DESANTIS, GOVERNOR

ATTEST:

SECRETARY OF STATE