UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-61113-DIMITROULEAS

CODY BARNETT, et al.,

    Plaintiffs,

v.

GREGORY TONY,

    Defendant.
_____/

**ORDER APPROVING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; DENYING REQUEST TO HOLD DEFENDANT IN CONTEMPT; TERMINATING CONSENT DECREE; DENYING AS MOOT MOTION TO TERMINATE CONSENT DECREE**

THIS CAUSE is before the Court on Plaintiffs' Motion for an Order to Show Cause [DE 181], and the Report and Recommendation of Magistrate Judge Patrick M. Hunt (the "Report") [DE 252], dated May 18, 2023. The Court has conducted a *de novo* review of the Report [DE 252], Plaintiffs' Objections to the Report [DE 254], Defendant's Response [DE 257], and the record herein. The Court is otherwise fully advised in the premises.

**I.      BACKGROUND**

Plaintiffs, on behalf of themselves and other members of the class, brought this action against Broward County Sheriff Gregory Tony, alleging that detainees imprisoned at the Broward County Jail were being exposed to a risk of COVID-19 infection in violation of their rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act, and the Rehabilitation Act. *See* [DE 1]. The parties negotiated and executed a Settlement Agreement, which was approved and entered by this Court as a Consent Decree. *See* [DE's 103-1, 112]. The

Consent Decree obligated Defendant to undertake certain actions to protect Class Members from the risk of COVID-19. *See* [DE 112].

On September 21, 2021, Plaintiffs filed a Motion for Enforcement and Modification, arguing that Defendant failed to comply with several provisions of the Consent Decree. *See* [DE 30]. After briefing and a full-day evidentiary hearing, Magistrate Judge Snow issued a Report and Recommendation on November 19, 2021, which this Court affirmed and adopted in part. *See* [DE's 166, 173]. In the Court's Enforcement Order dated January 31, 2022, the Court ordered Defendant to: (1) test all individuals for COVID-19 at intake; (2) test for COVID-19 all detainees being released or otherwise leaving the Jail, including to attend court appearances; (3) ensure that all individuals in quarantine units are tested for COVID-19 every 3-7 days until testing identifies no new cases in the quarantine unit for fourteen days after the most recent positive result; (4) conduct temperature and COVID-19 symptom checks prior to all transfers of detainees to different facilities; (5) maintain a list of medically vulnerable detainees and conduct COVID-19 symptom screening and temperature checks of such detainees; (6) track the housing location of medically vulnerable detainees; and (7) ensure that detainees possess two face coverings in usable condition at all times. *See* [DE 173].

On May 12, 2022, the night before the Consent Decree was set to expire, Plaintiffs filed a Motion for an Order to Show Cause Why Defendant Should Not Be Adjudged in Civil Contempt and Sanctioned, arguing that Defendant has failed to comply with provisions of the Consent Decree and the Court's Enforcement Order. *See* [DE 181]. Plaintiffs also filed a Motion to Modify the Consent Decree, seeking an extension of the Consent Decree until three months after a decision on the Motion for an Order to Show Cause. *See* [DE's 182, 205]. After briefing and oral argument, Magistrate Judge Hunt issued an Omnibus Order and Order to Show Cause,

granting Plaintiffs' Motion for an Order to Show Cause and denying as moot Plaintiffs' Motion to Modify. *See* [DE 218]. Judge Hunt ordered Defendant to respond to the Order and scheduled an evidentiary hearing. *See id.*

After a full-day evidentiary hearing, Magistrate Judge Hunt issued a Report and Recommendation on May 18, 2023, recommending that the Court enter an Order: (i) denying Plaintiffs' request to hold Defendant in contempt; and (ii) terminating the Consent Decree. *See* [DE 252]. Plaintiffs filed Objections to the Report. *See* [DE 254]. The matter is now ripe for review.

## II. LEGAL STANDARD

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections.

### III.     DISCUSSION

In the Report, Magistrate Judge Hunt found that Defendant has substantially complied, or has made good faith, reasonable efforts to comply, with the Consent Decree and the Enforcement Order, as well as evolving Centers for Disease Control and Prevention ("CDC") guidance. *See* [DE 252]. As a result, Judge Hunt recommends that this Court enter an Order (i) denying Plaintiffs' request to hold Defendant in contempt; and (ii) terminating the Consent Decree. *See id.* In their Objections, Plaintiffs argue that Judge Hunt erred in two ways. *See* [DE 254]. First, Plaintiffs argue that Judge Hunt misapplied the legal standard to prove Defendant's inability to comply with the Consent Decree and Enforcement Order. *See id.* Second, Plaintiffs assert that Judge Hunt rejected the enormous amount of documentary evidence proving Defendant's knowing failure to comply with the Consent Decree and Enforcement Order, relying instead on the Jail Director's conclusory testimony. *See id.* As a result, Plaintiffs argue, Judge Hunt erred in recommending findings of substantial compliance for quarantine testing, testing detainees being released or otherwise leaving the jail, and protections for medically vulnerable detainees. *See id.*

Having carefully considered the Objections and Defendant's response thereto, and having reviewed the arguments, relevant case law, and evidence, the Court overrules the Objections. The Court agrees with the analysis and conclusions set forth in Judge Hunt's well-reasoned and thorough Report.

First, the Court finds that Judge Hunt correctly applied the proper standard in determining whether Defendant carried his burden of proving that he made in good faith all reasonable efforts to comply. As Judge Hunt acknowledged, a party seeking an order of contempt must first demonstrate by clear and convincing evidence that the "alleged contemnor violated a court's earlier order." *Peery v. City of Miami*, 977 F.3d 1061, 1077 (11th Cir. 2020)). Once the moving

party carries its burden, the burden then shifts to the alleged contemnor to produce evidence explaining its noncompliance at a show cause hearing. *Id.* at 1076–77; *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010)). At the show cause hearing, the contemnor is "allowed to show either that he did not violate the court order or that he was excused from complying." *Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990). "A contemnor may be excused because of an inability to comply with the terms of the order." *Chairs v. Burgess,* 143 F.3d 1432, 1436 (11th Cir. 1998) (quotations omitted). "[A] contemnor demonstrates an inability to comply only by showing that he has made in good faith all reasonable efforts to comply." *Id.* Nevertheless, inability to comply "does not mean that compliance must be totally impossible." *Id.* at 1437.

Here, Judge Hunt found that Defendant put on credible evidence at the show cause hearing that went "beyond a mere assertion of inability," *see United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984), and demonstrated that Defendant made in good faith all reasonable efforts to comply. The Court disagrees with Plaintiffs' contention that Judge Hunt used a lesser standard when he found that "Defendant did make good faith, reasonable efforts to" comply with the provisions regarding testing detainees leaving the Jail, "given the challenges of the nursing shortage." [DE 252] at p. 7 (citing *Chairs*, 143 F.3d at 1437); *see also* [DE 252] at pp. 10–11 (discussing provisions regarding medically vulnerable detainees). Notwithstanding, the Court has independently reviewed the Report, the record, and applicable case law and finds that the evidence presented was sufficient to carry Defendant's burden of proving that Defendant made in good faith all reasonable efforts to comply. *See Chairs,* 143 F.3d at 1436–37; *see also Newman v. Graddick*, 740 F.2d 1513, 1525 (11th Cir. 1984) (a party "who attempts with reasonable diligence to comply with a court order should not be held in contempt"); *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990) ("Conduct that evinces

5

substantial, but not complete, compliance with the court order may be excused if it was made as part of a good faith effort at compliance.").

Second, the Court disagrees with Plaintiffs' contention that Judge Hunt erred in accepting Defendant's testimonial evidence over Plaintiffs' documentary evidence in finding substantial compliance. In his Report, Judge Hunt thoroughly examined the parties' arguments, carefully analyzed the issues, and issued a recommendation supported by the record evidence. There is nothing in the Report that indicates that Judge Hunt summarily rejected Plaintiffs' documentary evidence. To the contrary, Judge Hunt carefully considered the evidence presented and reached a reasonable conclusion. For example, as to quarantine testing, Judge Hunt concluded:

> The undersigned acknowledges that the testing numbers do raise some questions. But the officials who are most familiar with what is going within the jail facilities stated, under penalty of perjury, that they are testing—while perhaps not accurately reporting—individuals in quarantine in accordance with the Consent Decree, the Enforcement Order, and CDC guidelines. Therefore, the undersigned finds that Defendant has met his burden and shown that he has been in substantial compliance with the Enforcement Order, Consent Decree, and CDC guidelines in regard to testing individuals in quarantine.

[DE 252] at p 10. Moreover, as to credibility issues, the Court defers to Judge Hunt as he was present during the evidentiary hearing and was able to view the witnesses. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and thus is in a better position than a reviewing court to assess the credibility of witnesses."). The Court therefore overrules the Objections, which primarily disagree with Judge Hunt's determination that Defendant's witnesses offered credible testimony.

## IV.  **CONCLUSION**

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 252] is hereby **APPROVED**;

2. Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation [DE 254] are **OVERRULED**;

3. Plaintiffs' request to hold Defendant in contempt is **DENIED**;

4. The Consent Decree is **TERMINATED**; and

5. Defendant's Motion to Terminate Consent Decree [DE 251] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of August, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of Record
Magistrate Judge Hunt