UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 20-61113-CIV-DIMITROULEAS/HUNT

CODY BARNETT, et al.,

        Plaintiffs/Petitioners,

v.

GREGORY TONY, in his official capacity as
Sheriff of Broward County,

        Defendant/Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion to Deny Plaintiffs' Forthcoming Claim for Entitlement to Attorney's Fees and Costs. ECF No. 261. The Honorable William P. Dimitrouleas referred this Motion to the undersigned for a report and recommendation. ECF No. 263. *See also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having considered the Motion, the Response and Reply, and being otherwise advised in the premises, the Court hereby recommends Defendant's Motion, ECF No. 261, be DENIED for the reasons outlined below.

## BACKGROUND

In June 2020, Plaintiffs[1] petitioned for a writ of habeas corpus to prevent an outbreak of COVID-19 in Broward County Jails from worsening and to force the Sheriff of

---

[1] The class of Plaintiffs include Cody Barnett, William Bennet, Christopher Brown, Jesse Callins, Gregory Dunning, Bernard Franklin, Ricardo Gonzales Guerra, Heather Lewis,

Broward County ("BSO") and Broward County Jails to observe public health principles and guidelines. ECF No. 1. Plaintiffs and BSO negotiated a Settlement Agreement that included a certification of a Settlement Class and a commitment from BSO to undertake a series of measures to protect class members from COVID-19 infection. ECF No. 49. The court approved the agreement and closed the case. ECF No. 112.

In September 2021, Plaintiffs moved for enforcement and modification of the settlement agreement, ECF No. 130, which the Court granted in part and denied in part, ECF Nos. 166, 173, finding BSO had failed to implement multiple provisions of the Consent Decree and requiring BSO to:

- Test all individuals for COVID-19 at intake;

- Test for COVID-19 all detainees being released or otherwise leaving the Jail, including to attend court appearances;

- Ensure that individuals in quarantine units are tested for COVID-19 every 3–7 days until testing identifies no new cases in the quarantine unit for fourteen (14) days after the most recent positive result;

- Conduct temperature and COVID-19 symptom checks prior to all transfer of detainees to different facilities;

- Maintain a list of medically vulnerable detainees and conduct COVID-19 symptom screening and temperature checks of such detainees;

- Track the housing location of medically vulnerable detainees; and

---

Robert Morrill, Samuel Paulk, Helen Piciacchi, Darius Walker Greaves, Todd Watson, and Disability Rights Florida, Inc.

- Ensure that detainees possess two face coverings in usable condition at all times.

ECF No. 173 at 12–14.

In May 2022, Plaintiffs moved for an order to show cause why BSO should not be adjudged in civil contempt and sanctioned for its continuing non-compliance, which this court granted. ECF Nos. 181, 218. After a show cause hearing, this Court ultimately recommended BSO not be held in contempt. ECF Nos. 247, 252. The District Court approved that recommendation on August 14, 2023. ECF No. 260.

Anticipating Plaintiffs' coming request for attorneys' fees, BSO moved to deny Plaintiffs' entitlement to attorneys' fees based on Federal Rule of Civil Procedure 54(d)(1) and Southern District of Florida Local Rule 7.3(c). ECF No. 261. In this same motion, BSO also asserts Plaintiff is not the prevailing party because the settlement agreement and consent decree did not materially alter the relationship between BSO and Plaintiffs. *Id.*

Plaintiffs have now moved the Court for an award of attorneys' fees and non-taxable expenses as the prevailing party and pursuant to the Civil Rights Attorneys' Fees Act, 42 U.S.C. § 1988(b), and three other statutes that provide attorneys' fees under the same act, 42 U.S.C. § 1997e(d), 42 U.S.C. § 12205, and 29 U.S.C. § 794a(b). ECF No. 265. BSO filed a partial response in opposition, reiterating its previous motion's arguments that Plaintiffs are not entitled to fees. ECF No. 274.

## ENTITLEMENT

BSO disputes whether Plaintiffs are entitled to attorneys' fees. BSO preemptively articulated two arguments that would prevent Plaintiffs' attorneys from claiming their

3

entitlement to fees and costs. In the first BSO alleges Plaintiffs failed to comply with rules regarding notice, and in the second BSO refuses to acknowledge Plaintiffs as the prevailing party. ECF No. 261.

A. *Procedural Compliance with Local Rule 7.3*

BSO argues Plaintiffs' attorneys failed to strictly comply with Federal Rule of Civil Procedure 54 and Southern District of Florida Local Rule 7.3 and, therefore, Plaintiffs cannot recover any attorneys' fees and costs. Under Rule 54(d)(1), the party requesting fees must provide notice within fourteen days following the entry of judgment, and Local Rule 7.3(c) requires the production of a bill of costs within thirty days. For non-taxable costs, BSO claims Plaintiffs similarly failed to provide a draft motion for fees and costs in compliance with Local Rule 7.3(b) so the Parties may confer and discuss the entitlement and amount of fees requested. As a result, BSO feels it was prejudiced and unable to adequately respond to Plaintiffs' requests for recovery.

Plaintiffs respond they provided notice substantially compliant with Rule 7.3 fifteen days before the deadline. Plaintiffs acknowledge their production to BSO's counsel—including a draft of their motions and details of fees and expenses—reached BSO outside the mandated timeframe; however, Plaintiffs attest they attempted to engage BSO in conferral on fees and costs and volunteered to seek an extension of time to provide BSO with additional time to consider the draft filing, an offer BSO did not accept.

The undersigned finds Plaintiffs are not barred from recovering attorneys' fees and costs under Local Rule 7.3, which functions as "a mechanism to assist parties in resolving attorney[s'] fee[s] and costs disputes by agreement." S.D. Fla. L.R. 7.3. Local Rule 7.3(a) includes several requirements that must be met before a party files a motion for attorneys'

4

fees, including the obligation of counsel to confer prior to filing.  S.D. Fla. L.R. 7.3(a)(8). Local Rule 7.3(b) additionally requires parties to confer in good faith regarding all disputed aspects of a fee claim.  S.D. Fla. L.R. 7.3(b).  Finally, Local Rule 7.3(c) requires the party seeking costs to provide documentation to support an award of costs.  S.D. Fla. L.R. 7.3(c).

Generally, the court relies upon Local Rule 7.3 to deny attorneys' fees and costs only where the situation involves "a complete or near-complete failure to confer prior to filing a motion for attorneys' fees."  *Gutierrez v. El Toro Loco Churrascaria 8st. LLC*, No. 21-22062-CIV-KING/BECERRA, 2022 WL 3621615, at *3 (S.D. Fla. Aug. 9, 2022), *report and recommendation adopted*, No. 21-22062-CIV-KING/BECERRA, 2022 WL 3594970 (S.D. Fla. Aug. 23, 2022).  Here, Plaintiffs did not disregard the requirements of Local Rule 7.3 but attempted to follow them and offered opposing counsel the possibility of amending by agreement those requirements with which Plaintiffs failed to comply. Despite BSO's protests that the shorter timeline prejudiced it, BSO provides no specifics and does not explain why the extension of time offered by Plaintiffs would not have solved that problem.  BSO's request to deny Plaintiffs' fee application on procedural grounds should be denied.

B. *Entitlement as Prevailing Party*

While the "American Rule" dictates that courts should follow a general practice of not awarding fees to a prevailing party, Congress has given courts "explicit statutory authority under fee shifting statutes to award attorneys' fees to the prevailing party." *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904 (11th Cir. 2003).  Section 1988(b), under which Plaintiffs seek an award of attorneys' fees, is one of those statutes.  *Id.*  To

5

be entitled to attorneys' fees under § 1988(b) as the prevailing party there must be: "(1) a situation where a party has been awarded by the court 'at least some relief on the merits of his claim' or (2) a '*judicial imprimatur* on the change' in the legal relationship between the parties." *Id.* (quoting *Buckhannon Bd. & Care Home Inc., v. W. Va. Dept. of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)).

BSO, however, denies Plaintiffs are the prevailing party in this case because the relief granted in the consent judgment did not materially alter the legal relationship between the Parties "by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). BSO maintains it was never indifferent to the consequences of the COVID pandemic within the prison system, and its cooperation in discussing socially responsible steps to safeguard the health and wellness of the inmate population made it impossible for Plaintiffs to "win" the litigation and materially alter their relationship with BSO.

The prevailing party determination "requires a 'material alteration of the legal relationship of the parties' that is marked by '*judicial imprimatur.*'" *Bell N. Research, LLC v. HMD Am., Inc.*, No. 22-22706-CIV-SCOLA/GOODMAN, 2023 WL 8455903, at *4 (S.D. Fla. Oct. 30, 2023), *report and recommendation adopted*, No. 22-22706-CIV-SCOLA/GOODMAN, 2023 WL 8449590 (S.D. Fla. Dec. 6, 2023) (quoting *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 992 (Fed. Cir. 2020)). That *judicial imprimatur* is indicated "when a plaintiff secures . . . a 'court-ordered consent decre[e],' that plaintiff is the prevailing party because he has received a 'judicially sanctioned change in the legal relationship of the parties.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016). "[T]o be a prevailing plaintiff, a plaintiff must only 'obtain some

6

relief on the merits of his claim,' which can arise from a judgment on the merits as well as a favorable enforceable settlement agreement." *Estrada v. Alexim Trading Corp.*, No. 10-23696-CIV-SIMONTON, 2012 WL 4449470, at *4 (S.D. Fla. Sept. 26, 2012) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 604 (2001)).

BSO deserves credit for its apparent willingness to work with Plaintiffs. But BSO's cooperation should not be overstated. The inmate-beneficial health care improvements were effected in large part due to the filing of this lawsuit and related enforcement actions. From a legal standpoint, Plaintiffs succeeded on the claims of this case and obtained some relief on the merits of the claims. As evidenced by both the settlement agreement and consent judgment, this lawsuit caused the enforced improvement of health and safety standards among the incarcerated population. In a previous hearing, BSO witnesses testified the Broward County Jail system would continue to use the practices established because of the litigation. Therefore, it is undeniable that significant safeguards were implemented due to this litigation, and these safeguards were undoubtedly successful in preventing some suffering from serious illnesses. Plaintiffs are the prevailing party entitled to fees and costs.

In both its anticipatory motion to deny Plaintiff's request for attorney's fees and its "partial response" in opposition to Plaintiffs' motion, ECF No. 275, BSO asks the Court to stay briefing on the substantive fees issue pending ruling on the instant motion. Citing the time and expense necessary for a detailed factual response to the seven-figure fee demand, BSO essentially asks for some time to address the amount issue only if the entitlement issue is resolved against them. ECF No. 274 at 3–4. Plaintiffs respond that

7

BSO's opportunity to contest the fee amount "has come and gone." ECF No. 275 at 8. Plaintiffs reiterate they invited conferral on this issue and offered an extension of time if needed. *Id.* Nevertheless, Plaintiffs ultimately expressed willingness to acquiesce to the request: "If BSO wishes to make a specific objection—or, better yet, actually confer with Plaintiffs—Plaintiffs will not oppose."[2] ECF No. 275 at 10.

Under the particular facts of this case, the undersigned finds this to be a reasonable compromise and a mutually beneficial outcome. The undersigned recommends first, the Parties be ordered to confer in good faith; and second, BSO be ordered to respond to Plaintiffs' motion for attorneys' fees and costs within two weeks and Plaintiffs ordered to reply in an additional week.

C. *Reaching a Reasonable Amount of Fees and Costs*

The recommended two-week period provides the opportunity for the Parties' counsel to meaningfully confer and perhaps reach an agreement on the total amount of fees and costs to be awarded. The undersigned reminds both Parties' counsel that attorneys' fees are calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. Ultimately, "[a] reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-TORRES, 2011 WL 9364952 (S.D. Fla. July 15, 2011), *subsequently aff'd,* 492 F. App'x 73 (11th Cir. 2012) (citing *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984)).

---

[2] This agreement came with a suggested, reasonable timetable, which the Court adopts.

Judge Torres' guidance in *Hermosilla* is instructive here.  Faced with a request for very high hourly rates billed by multiple attorneys in a fee-shifting context, the *Hermosilla* court noted the guiding principle articulated in *ACLU v. Barnes*, namely, that a "prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate."  *Hermosilla*, 2011 WL 9364952, at *9 (quoting *Barnes*, 168 F.3d at 437). Judge Torres then analogized this dilemma to automobile choices:

> [O]ne can drive from point A to point B in a Ferrari, a BMW, or a Ford Fusion.  Which car one chooses is ordinarily a matter of personal style coupled with financial freedom. The successful personal injury or criminal defense lawyer may choose the Ferrari.  The average corporate defense lawyer will wisely choose the BMW.  But a successful attorney fee applicant can only choose the Ford Fusion.  It is quite reliable, consistent, and effective for the task at hand, and will not break the bank.  And because of that only the cost of a Ford Fusion is compensable under an attorneys' fee statute based on the American Rule that governs federal litigation.

*Id.* at *10.

"Upon determination of the hourly rate, a court must determine the reasonable amount of hours expended in the litigation."  *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, No. 15-60185-CIV-CANNON/HUNT, 2022 WL 18356156, at *5 (S.D. Fla. Oct. 21, 2022), *report and recommendation adopted*, No. 15-60185-CIV-CANNON/HUNT, 2022 WL 17728980 (S.D. Fla. Dec. 16, 2022), *aff'd*, No. 23-10173, 2023 WL 6563864 (11th Cir. Oct. 10, 2023) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).  "Fee applicants must exclude hours that were not 'reasonably expended' or that are determined to be 'excessive, redundant, or otherwise unnecessary' from their fee calculations."  *Id.*

In *Food Not Bombs*, the fee application submitted by the Plaintiffs for recovery under § 1988 was considered to be "voluminous" with "unreasonably high" hours claimed, warranting an across-the-board reduction. *Food Not Bombs*, 2022 WL 18356156, at *5. The undersigned's recommendation in that case further highlights that the essential goal for the Court is to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Fee applications are, of course, evaluated on a case-by-case basis, and no two cases are alike. But as a general guide, where excessive time spent on specific tasks can be reduced, where the attendance of multiple attorneys was unnecessary, and where similar billing can be trimmed, these things should be contemplated by and discussed between the Parties before submission to the Court's discretion.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS:

(1) BSO's Motion to Deny Plaintiffs' Forthcoming Claim for Entitlement to Attorney's Fees and Costs, ECF No. 261, be DENIED, and

(2) further briefing be ordered on the proper amount of reasonable attorneys' fees and costs, giving BSO fourteen (14) days to file a Response and Plaintiffs seven (7) days to Reply.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 10th day of June 2024.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All counsel of record