UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:20-cv-61113-DIMITROULEAS

CODY BARNETT, et al.,

    Plaintiffs,

v.

GREGORY TONY,

    Defendant.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; DENYING MOTION TO DENY PLAINTIFFS' FORTHCOMING CLAIM FOR ENTITLEMENT TO ATTORNEY'S FEES AND COSTS

THIS CAUSE is before the Court on Defendant's Motion to Deny Plaintiffs' Forthcoming Claim for Entitlement to Attorney's Fees and Costs (the "Motion") [DE 261], and the Report and Recommendation of Magistrate Judge Patrick M. Hunt (the "Report") [DE 279], dated June 10, 2024. The Court has conducted a *de novo* review of the Report [DE 279], Defendant's Objections to the Report [DE 282], Plaintiffs' Response [DE 283], and the record herein.[1] The Court is otherwise fully advised in the premises.

Plaintiffs, on behalf of themselves and other members of the class, brought this action against Broward County Sheriff Gregory Tony ("Defendant"), alleging that detainees imprisoned at the Broward County Jail were being exposed to a risk of COVID-19 infection in violation of their rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act, and the Rehabilitation Act. *See* [DE 1]. The parties negotiated and executed a Settlement

---

[1] Magistrate Judge Rule 4(b) does not provide for any reply memorandum. *See* S.D. Fla. Mag. R. 4(b).

1

Agreement, which was approved and entered by this Court as a Consent Decree. *See* [DE's 103-1, 112]. The Consent Decree obligated Defendant to undertake certain actions to protect Class Members from the risk of COVID-19. *See* [DE 112].

On September 21, 2021, Plaintiffs filed a Motion for Enforcement and Modification, arguing that Defendant failed to comply with several provisions of the Consent Decree. *See* [DE 30]. After briefing and a full-day evidentiary hearing, Magistrate Judge Snow issued a Report and Recommendation on November 19, 2021, which this Court affirmed and adopted in part. *See* [DE's 166, 173]. In the Court's Enforcement Order dated January 31, 2022, the Court ordered Defendant to: (1) test all individuals for COVID-19 at intake; (2) test for COVID-19 all detainees being released or otherwise leaving the Jail, including to attend court appearances; (3) ensure that all individuals in quarantine units are tested for COVID-19 every 3-7 days until testing identifies no new cases in the quarantine unit for fourteen days after the most recent positive result; (4) conduct temperature and COVID-19 symptom checks prior to all transfers of detainees to different facilities; (5) maintain a list of medically vulnerable detainees and conduct COVID-19 symptom screening and temperature checks of such detainees; (6) track the housing location of medically vulnerable detainees; and (7) ensure that detainees possess two face coverings in usable condition at all times. *See* [DE 173].

On May 12, 2022, Plaintiffs filed a Motion for an Order to Show Cause Why Defendant Should Not Be Adjudged in Civil Contempt and Sanctioned, arguing that Defendant has failed to comply with provisions of the Consent Decree and the Court's Enforcement Order. *See* [DE 181]. Plaintiffs also filed a Motion to Modify the Consent Decree, seeking an extension of the Consent Decree until three months after a decision on the Motion for an Order to Show Cause. *See* [DE's 182, 205]. After briefing and oral argument, Magistrate Judge Hunt issued an Omnibus Order and

Order to Show Cause, granting Plaintiffs' Motion for an Order to Show Cause and denying as moot Plaintiffs' Motion to Modify. *See* [DE 218]. Judge Hunt ordered Defendant to respond to the Order and scheduled an evidentiary hearing. *See id.*

After a full-day evidentiary hearing, Magistrate Judge Hunt issued a Report and Recommendation on May 18, 2023, recommending that the Court enter an Order: (i) denying Plaintiffs' request to hold Defendant in contempt; and (ii) terminating the Consent Decree. *See* [DE 252]. The Court approved that Report and Recommendation and terminated the consent decree on August 14, 2023. *See* [DE 260].

Anticipating that Plaintiffs would file a motion for attorneys' fees, Defendant filed a preemptive motion to dispute Plaintiffs' entitlement to fees on October 13, 2023. *See* [DE 261]. Plaintiffs have since filed their motion for attorneys' fees and non-taxable costs, which remains pending before Magistrate Judge Hunt. *See* [DE 265]. On June 10, 2024, Magistrate Judge Hunt issued a Report and Recommendation, recommending that the Court enter an Order denying Defendant's Motion regarding entitlement to fees [DE 261]. In the Report, Magistrate Judge Hunt found that Plaintiffs were not barred from recovering attorneys' fees and costs under Local Rule 7.3, noting that "Plaintiffs did not disregard the requirements of Local Rule 7.3 but attempted to follow them[.]" [DE 279] at p. 5. Magistrate Judge Hunt also found that Plaintiffs were the prevailing party, noting that "when a plaintiff secures a court-ordered consent decree, the plaintiff is the prevailing party[.]" *Id.* at pp. 6-7 (citing *CRST Van Expedited, inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016)). As next steps, Magistrate Judge Hunt recommended that the parties be ordered to confer in good faith and Defendant be ordered to respond to Plaintiffs' motion for attorneys' fees and costs within two weeks. *Id.* at p. 8. Defendant has now filed Objections to the Report. *See* [DE 282].

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and Defendant's Objections.[2] Having carefully considered Defendant's Objections, the Court overrules the Objections. The Court agrees with Magistrate Judge Hunt's analysis and conclusion that Plaintiffs are not barred from recovering attorneys' fees and costs under Local Rule 7.3. *See* [DE 279] at pp. 4-5. The Court also agrees with Magistrate Judge Hunt's analysis and conclusion that Plaintiffs are the prevailing party entitled to attorneys' fees. *See id.* at pp. 6-7. The Court does not find that this case presents "special circumstances" warranting a denial of attorneys' fees. Finally, the Court agrees with the briefing schedule set forth by Magistrate Judge Hunt, which mirrors the default schedule under Local Rule 7.3(a). *See id.* at p. 8. If Defendant finds the briefing schedule

---

[2] Plaintiffs contend that the Report addresses a non-dispositive matter and is therefore subject to the deferential "clearly erroneous" or "contrary to law" standard of review. *See* [DE 283] at p. 11. The Court need not decide the appropriate standard of review because, even applying the less deferential *de novo* standard, the Court finds the Report well-reasoned and correct.

"unworkable," Defendant should confer with Plaintiffs and then file an appropriate motion for extension of time before Magistrate Judge Hunt.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 279] is hereby **APPROVED**;

2. Defendant's Objections to Magistrate Judge's Report and Recommendation [DE 282] are **OVERRULED**;

3. Defendant's Motion to Deny Plaintiffs' Forthcoming Claim for Entitlement to Attorney's Fees and Costs [DE 261] is **DENIED**; and

4. Unless ordered otherwise by Magistrate Judge Hunt, Defendant shall file a response to Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Expenses [DE 265] within fourteen (14) days of the date of this Order. Plaintiffs shall then have seven (7) days to file a reply.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of July 2024.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of Record
Magistrate Judge Hunt